The next case this morning is 5-17-0438 People v. Brian Rodgers. Arguing for the defendant appellant is David Luarchek. Arguing for the state appellee is Max Miller. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Good morning, counsel. Are you ready to proceed? I am ready to proceed. Please state your name and you may proceed. David Luarchek for defendant Brian Rodgers. Good morning. As I mentioned, I'm representing Brian Rodgers here on appeal from the dismissal at the second stage of a post-conviction petition. The facts underlying the original conviction are rather straightforward. My client was convicted of solicitation for murder for hire when he gave $5 to $20 bills to a veteran CI who indicated that she knew of a hitman that would take payment plans. So he ended up getting convicted. He did have a direct appeal. He has serious mental health issues. Schizophrenia, delusions, and several other conditions. He's on four different psychiatric medications. So he was advised by his appellate counsel that he had three years from the denial of his PLA to file a post-conviction petition, which is not correct. As we are all aware, he did not meet the deadline, the deadline that is under the statute. And he did file a post-conviction petition that was two years late. The circuit court denied the petition stating that it was not timely. He also made the conclusion, the circuit court also made the conclusion that he was mentally fit to understand the consequences of his not filing it. So what I would like to do is address the culpable negligence issue. I'd also like to since the state relies on it so much in their briefs, and then time permitting, I would like to get to all of the merits of the case. As far as culpable negligence is concerned, it's been likened to recklessness. Here, it's difficult to understand how a court could decide that my client Brian Rogers was culpably negligent without having a hearing of some sort. The judge relied on a statement from a doctor entered seven years earlier stating that he seemed to be aware of his actions. At the second stage, however, you have to take all allegations as true as alleged by and the defendant indicated that he did not have the mental capacity to understand the time frame in which he had to file it. Given the affidavits attached to his motion, that should have been sufficient to get an evidentiary hearing. His delusions that he indicated he was experienced and that were recorded by a psychiatrist was that he had hallucinations involving dead relatives, demons, bugs, snakes, seeing Satan. He admitted to cutting his wrists and consuming his own feces. Under these circumstances, there definitely should have been a hearing to understand whether he had mental capacity to file a petition within the deadlines and understand it in accordance with People v. Wheeler, People v. Coleman, and People v. Beauclair. That did not occur. The judge never actually reached the merits of the case as mentioned and summarily dismissed it. It went up on appeal. They based their argument quite strongly on res judicata indicating that I did not repeat the arguments that my post-conviction counsel made. In particular, they're saying that not only should I have raised the ineffective assistance of trial counsel, but I should have raised the ineffective assistance of appellate counsel. First off, those arguments were made in the post-conviction petition and there's no reason why I should have to address res judicata if the state is essentially stating that I have to foresee all of the arguments that they're going to raise before they raise it, which is not supportable. They also state that ineffective assistance of trial counsel could not exist without ineffective assistance of appellate counsel also being alleged. That is plainly contrary to the Supreme Court precedent that has been issued time and time again. People v. Thompson, People v. Tompkins, People v. Orange, People v. Ashford, People v. Lear, People v. Nick, People v. Mahaffey. These are all cases that state that if claims involve facts outside of the record, they do not have to be presented on direct appeal. These are all claims that involve facts outside of the record. For instance, one of the claims is a Brady claim in that the confidential informant in this matter, her history with the state was not divulged in regards to what other cases she worked on, what her compensation was. How could an appellate counsel raise that on direct appeal if the very nature of a Brady claim is concealment? It just makes no sense. And then, of course, all of the ineffective assistance of counsel claims, as the court is well aware, is going to rely on part on whether or not the attorney had some basis in trial strategy for his or her decisions. Well, that's not going to be part of the record. Also, all of them depend on conversations with the defendant that are also to horse the record. So, it's contrary to the law and the facts just do not support that theory at all. Turning to the merits of the case, I'll briefly go over Brady since I just mentioned it. Of course, Brady indicates that you have to divulge any evidence that is exculpatory and material. And according to People v. Bagley, that includes impeachment material. The state did not disclose the impeachment material that I mentioned previously regarding the CI. In the post-conviction petition in which they respond to and file their motion to dismiss, they don't even attempt to say why they didn't disclose it. And as post-conviction counsel made clear in the record, he submitted a supplemental discovery request for those materials. Again, the state did not respond and the court did not order, as you know, good cause need only be shown for a discovery request to be granted. So, the state did not respond to the discovery request and nor did they put in their motion to dismiss why they did not respond to the motion, why they did not respond to the request. Regarding the ineffective assistance of counsel claims, there are several, including... I'm sorry, go ahead. May I hear? Did I miss a question? I don't think so. Oh, okay. I thought I heard counsel. I apologize. So, one of the ineffective assistance of counsel claims is failing to dismiss a juror that her boss at Walmart was married to the victim. I don't think that needs much more explanation as to why he should have been stricken. And I don't need to argue... I'm not going to argue prejudice because in my brief, the cumulative effect of all of the errors cause a reasonable likelihood that there would have different result in the trial. Next, the court counsel also failed to call two witnesses that knew the defendant quite well and could have testified as to his susceptibility to suggestion, which is critical because his attorney was putting forth an entrapment theory. And then, also, probably really the most critical area where this lawyer failed Mr. Phil Bryan was that he didn't call him, he didn't prepare him for his testimony. And Bryan has severe mental health issues. He didn't prepare him for his testimony, didn't tell him the basics of entrapment theory. I don't know how you could not prepare somebody for a testimony in a criminal trial, given that knowledge. I mean, even the most seasoned witnesses, lawyers and police officers, it's a very perilous choice to testify. And here, Bryan has mental health issues, severe mental health issues. There just was no excuse for not preparing him and he was prejudiced by that. I see that my time has elapsed and with that, I'll transfer to esteemed counsel. Thank you, counsel. Any questions, Justice Welch? No questions. Justice McCain? No questions. I will now hear from the state. Please state your name and you may proceed. May it please the court, counsel. My name is Max Miller and I represent the people of the state of Illinois. Defendant filed a notice of appeal with this court after trial court granted the motion to dismiss at the second stage as untimely. It's the state's position the trial court properly determined that defendant failed to prove he was not culpably negligent in that untimely filing of his post-conviction petition. As this court's aware, the circuit court's dismissal at second stage is reviewed de novo. The court reviews the petition's factual sufficiency, but also its legal sufficiency in light of the trial court record and applicable law. Defendant concedes the statute there. So we're on to whether or not he was culpably negligent. Our Supreme Court has examined the meaning of that term, culpable negligence, giving several definitions. Culpable negligence entails people in versus landers. Supreme Court says, blamable neglect involving a disregard of the consequences likely to result from one's actions. Defendant argues he's not culpably negligent for two primary reasons. First, he says he was misadvised by appellate counsel regarding the time. And secondly, he argues that he suffered from serious mental health problems. Now regarding the dependence on wrongful advice of appellate counsel, the case is similar to People versus Lee, a third district case where a defendant filed petition for post-conviction relief and the state moved to dismiss, just as in this case, that petition alleging that it was filed beyond the statute of limitation. In response, the defendant presented his affidavit stating he had exercised due diligence and he was not negligent, arguing that if his petition was untimely, the untimeliness should not be attributed to him but to counsel. Now, further in Lee, the defendant argued that he lacked access to trial transcripts to a law library, but the third district held after reviewing the affidavit and relevant case law that defendant this wasn't enough to carry his burden of proving a lack of culpable negligence. They cite People versus Harrison, where the court held that a petitioner's affidavit stating he was not properly advised of his appeal right, that he did not know he could appeal, and that he had no funds to hire an attorney was not sufficient to establish a lack of culpable negligence. The state's position is this case is directly on point. This court should similarly hold defendant's allegation that he was misadvised is insufficient to establish this lack of culpable negligence. But secondarily, defendant argues he has serious mental health problems, which excuse the untimely filing. Now, in the state's motion to dismiss, they cite People versus Montgomery, a Supreme Court case where it considered the dismissal of defendant's amended post-conviction petition. In Montgomery, defendant's petition alleged his delay was due to mental illness and in support of that contention, it included reports of various psychiatrists regarding his mental condition during incarceration. The judge presiding over the post-conviction proceedings indicated that the mental condition revealed in the records did not, in his opinion, satisfactorily excuse defendant's delay in filing the petition. Nevertheless, he went on to the merits. But when our Supreme Court got this case, they decided that the threshold issue was whether defendant was barred from proceeding and that the merits need not be reached unless the petition is cognizable under the statute. After careful examination of the record, our Supreme Court in which defendant presented to excuse his long delay, they said that the reports generally did indicate a condition of mental disturbance, but it did not appear that the defendant was incapable of exercising reasonable diligence in his pursuit of relief. And so our Supreme Court held that it did not find a sufficient showing had been made that the delay was caused due to anything other than the defendant's culpable negligence. Now, in this case, defendant similarly claims his delay was due to mental illness. Aside from the defendant's own allegations made in his affidavit, several excerpts of his mental health diagnostics were attached to defendant's position. The subjective data of his first diagnostic was in 2010, largely gathered by defendant's own reporting. It does seem to generally indicate mental health issues. But the question before this court is whether the record demonstrates that the issues rendered the defendant incapable of exercising reasonable diligence in pursuit of his relief. The results in the defendant's mental health examination, as noted in the defendant's supplied diagnostic, state that when the defendant was examined, he was alert, he was oriented to person, time, and place. It noted the defendant's self-care was adequate. The report noted that defendant self-reported audio-visual hallucinations presented as being delusional, but that his insight and judgments appeared to be adequate. The diagnostic also noted defendant denied any history of previous psychiatric hospitalizations or psychotropic medication used prior to incarceration. Now, the second document, a mental health evaluation dated March 2010, indicates that defendant's own reports of attempts at self-harm and several bizarre claims of behavior that counsel has noted today. This report notes that at the time they reported, defendant did not currently entertain any thoughts of self-harm. So, all this information was before the trial court, including both of the reference reports, and the trial court noted these same facts. Relying on the report's conclusion that defendant's insight and judgment appeared to be adequate at the time, this provided the foundation by which the trial court concluded defendant was not in such mental distress as to be incapable of understanding the need to file this petition in a timely manner. Similarly, the state believes that this court should find that defendant was incompetently judged to be in control of himself and responsible for the timeliness of his petition. Now, if this court agrees that the petition was untimely, it need not consider the subsequent issues raised by the defendant, but the state maintains that these issues are not properly before the trial court for consideration because arguments for waiver and res judicata were not addressed in defendant's argument on appeal. A proceeding brought under the Post-Conviction Hearing Act is a collateral attack on defendant's conviction, sentence, or both, and so these doctrines of res judicata bars consideration of issues that were raised and decided on direct appeal, or issues that could have been presented. Defendant raises several claims of ineffective assistance of counsel, but again, these were not addressed, the issues of waiver res judicata were not addressed. If this court has any questions, the state would like to answer them, but other than that, it would rely on its brief to go through the actual merits of the ineffective assistance of counsel claims. Any questions, Justice Welch? No questions. Justice McCain? No questions. Thank you, your honors. Thank you, counsel. Rebubble. Thank you, your honor, esteemed counsel. I think the three most important words from the state's at the time. The state is relying on a mental health report that was entered seven years before the dismissal. I don't know how the circuit court could determine seven years later on its own without the feedback of any mental health professionals that Brian maintained his ability to understand legal procedure. I think I try to be respectful of all judges and lawyers. I'm a big believer in decency, but I believe his judgment reflects an egregious lack of understanding of mental health issues. Mental health is not static, it's fluid. And the judge far exceeded his bounds by making a determination that Brian still had the mental health ability to understand the legal procedures that he was confronted with, coupled with the fact that he didn't even get proper legal counsel regarding when he was supposed to file the petition. Counsel, how do you distinguish the Montgomery case? As I recall from the Montgomery case, as the state just described it, was that there were updated reports that the court was privy to. There's no update here. The judge is relying on something seven years old. And this client, Brian, had serious health issues. It's just, you know, not a little depression here. We have schizophrenia, delusions, manic depression, self-harm, eating his feces, trying to commit suicide. I mean, seeing dead people, demons, Satan. I mean, some facts don't need selling. They speak for themselves. There was no way that the judge was able to make this decision within his... Supreme Court law, that is, that judges are not supposed to make credibility determinations or factual determinations at the second stage. Brian made quite clear that his mental health precluded him from understanding the legal requirements that were before him. The judge, on his own prerogative, decided that he knew. He knew whether Brian was able to make those decisions or not, based on mental health reports entered seven years before. Regarding the state's argument on race judicata, it's hard for me to even, I guess, understand it because he said that the ineffective assistance of appellate and trial counselor was not properly before the trial court because I, on appeal, did not raise the issues. I don't understand that. So at the time that the claim was before the post-conviction court, it was not properly before it because later on in the future, I didn't raise a race judicata argument or raise ineffective assistance of counsel argument. That just makes no sense. And in the brief, it's not supported by any case law whatsoever and is therefore itself waived and forfeited in accordance with Supreme Court Rule 341. There is no reason why the bell has to be rung twice regarding ineffective assistance of counsel and ineffective assistance of appellate counsel. But as I mentioned previously, my position is that ineffective assistance of appellate counsel didn't need to be raised on direct appeal initially because it all involved claims outside of the record. And as I mentioned, all of those cases, Thomas, Tompkins, Orange, Ashford, Lear, and Mahaffey all indicate that claims that arise from facts in whole or in part outside of the record need not be raised on direct appeal. And then finally, the one argument I didn't have time to address in my initial argument was that I do believe it was ineffective for the there's case law cited in my brief indicating that the failure to explore that is an effective assistance of counsel because it can present an insanity defense and also a fitness of counsel inability to aid in his defense argument. Now, I didn't think any of the individual claims were in to call for a different outcome, but I said cumulatively they did. And also the Brady claim doesn't even have to show prejudice. If it's true, harmless error flies, reversals required, game over. Thank you for your time, your honors. If you have any questions, I'll be happy to address them at this time. Any question, Justice Welch? No questions. Justice McCain? No further questions. Thank you, counsel. The court will take the matter under advisement and issue its decision in due course. This concludes the oral arguments for today and for the setting in June and the court will be in recess until the July setting. Thank you, your honors. Thank you, your honors.